**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

GURSHANJOT SINGH, by his parent and natural guardian, MANINDERJIT SINGH

File No.

Plaintiff,

-against-

PETITION FOR WRIT OF MANDAMUS AND INJUNCTIVE RELIEF

JOSEPH EDLOW, in his capacity as Director of U.S. Citizenship and Immigration Services, U.S. CITIZENSHIP and IMMIGRATION SERVICES;

KRISTI NOEM, in her official Capacity as Secretary, U.S. Citizenship and Immigration Services, U.S. DEPARTMENT OF HOMELAND SECURITY;

TERRI ROBINSON in his capacity as the Director of USCIS's National Benefits Center, USCIS NATIONAL BENEFITS CENTER,

Defendants.

---------------------------------------------------------------X

Plaintiff, GURSHANJOT SINGH, BY HIS PARENT AND NATURAL GUARDIAN MANINDERJIT SINGH, complaining of the Defendants and Petitioning this Court, through his attorneys, LAW OFFICE OF KEREN OHANNA, ESQ., hereby allege the following under penalty of perjury:

## SUMMARY OF THE PETITION

**1.** Plaintiff GURSHANJOT SINGH, BY HIS PARENT AND NATURAL GUARDIAN MANINDERJIT SINGH is a 16 year-old non-citizen from India residing in the Eastern Federal District of New York. MANINDERJIT SINGH is his father with whom he

resides together his mother JASWINDER KAUR, and his 12 year old sister JASMANJOT SIMNGH, all residing in the Eastern District of New York in the same household.

2. By order of an immigration Judge at 26 Federal Plaza, New York, NY issued on July 23, 2019 – MANINDERJIT SINGH was granted asylum in the United States under his Petition brought under A-209-157-716. He subsequently Petitioned for and subsequently received his Permanent resident 'Green' card on or about November 12, 2022. Under prevailing law and precedent, MANINDERJIT SINGH, as Asylee, had Family Petitions brought derivatively under his grant of asylum for his spouse and two minor children including the Petitioning child herein this application. Said Family Petitions for his three family members were all filed at the same time with receipt noted by USCIS on August 1, 2023. Subsequent requests for evidence were received from USCIS (for medical evidence) and responded to by all three family members: The Petitioning child herein proceeding under A-213-343-338; Petitioner's mother proceeding under A-213-343-337 with the daughter/sister proceeding under A213-343-339. Inexplicably, the Family asylum derivative applications were granted as to MOTHER and SISTER/DAUGHTER on September 25, 2024 with the Petitioner's application based on the same foundation, documents and rights as was his mother and sister's application, falling into 'limbo.' This application is for the Court to approve the I-485 application of the minor Petitioner herein, or otherwise locate and 'resurrect' the application from limbo as to GURSHANJOT SINGH for action. The minor is presently 16 years of age.

3. The right to so apply for asylum as defined under 8 USC 1158 is:

> "Any alien who is physically present in the United States or who arrives in The United States (whether or not at a designated port of arrival and including alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title."

4. As part of the process of obtaining and receiving a grant of asylum, the applicant must, inter alia, and as per 8 USC 1158:

> “The burden of proof is on the [ asylum] applicant to establish that the applicant is a refugee, within the meaning of section 1101(a)(42)(A) of this title. To establish that the applicant is a refugee within the meaning of such section, the applicant must establish that race. religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."
>
> A grant of asylum confers certain benefits on the asylee including:
>
> c) ASYLUM STATUS
>
> (1) IN GENERAL In the case of an alien granted asylum under subsection (b), the Attorney General:
>
>> (A) shall not remove or return the alien to the alien's country of nationality or, in the case of a person having no nationality, the country of the alien's last habitual residence;
>>
>> (B) shall authorize the alien to engage in employment in the United States and provide the alien with appropriate endorsement of that authorization; and
>>
>> (C) May allow the alien to travel abroad with the prior consent of the Attorney General.

5. Furthermore, a grant of asylum allows the asylee, upon continual fulfillment of certain conditions, to petition for United States Citizenship and to Petition under USCIS Form I-485 for ‘green cards’ for immediately family members. The necessary precondition to becoming a naturalized United States citizen is through an "'Application to Adjust Status" process made via application on USCIS Form 485. Subsequent to a successful Adjustment of Status and upon receipt of a "Green Card" by the Petitioner - naturalization to U.S. Citizenship may be made via USCIS Form N400 only after the expiration of ce1iain statutory time periods: To wit as per the USCIS:

6. Petitioner, through his FATHER, was and is entitled to Adjust his Status and Obtain a 'Green Card’. He is eligible because he fulfilled all of the applicably preconditions for obtaining

same at the time he made his application and he continues to remain so eligible because Petitioner, the "asylee' continues to meet the conditions for the ""Green Card" which are (Boldface emphasis supplied):

a) Petitioner properly filed Fom1 1-485, Application to Adjust Status;

b) Petitioner was physically present in the United States at the time he filed his Form I-485;

c) Petitioner has been and was physically present in the United States for at least one year after he was granted asylum in the United States;

d) Petitioner continues to meet the definition of a refugee;

e) Petitioner has not firmly resettled in any foreign country;

f) Petitioner's grant of asylum has not been terminated;

g) Petitioner is admissible to the United States for lawful permanent residence; and

h) Petitioner did and continues to merit the favorable exercise of discretion.

7. Ultimately, and only upon issuance and approval of the 1-485 for Adjustment of Status and Issuance of the “Green Card", may Petitioner apply for naturalization via USCIS Form N- 400. The form N-400 and USCIS requires the applicant to "have been a lawful permanent resident of the United States for at least 5 years" prior to filing the N-40O application. The five year period of "lawful permanent residence in the United States" is calculated *from* the date USCIS approves the GREEN CARD with a maximum credit towards the five year period being a maximum of one year immediately preceding the 'approval'. Thus, the 'maximum' time USCIS credits and determines the date "lawful permanent residence" was acquired to be is "as of the date 1 year before the approval of their Form I-485."

8. With specific import to family members Petitioning for adjustment of status via USCIS Form I-485 on the basis of their parent’s successful grant of asylum: MANINDERJIT

SINGH was and is the principal asylee and through which grant, The Petitioning child herein made his request for adjustment of status which has fallen into limbo notwithstanding his mother and sister having the USCIS I-485 applications approved.

9. The ASYLEE and father of GURSHANJOT SINGH received his grant of asylum in the United States by decision dated July 23, 2019. A true copy of the EOIR portal information with the date is annexed hereto as Exhibit 'A' as bearing the name MANINDERJIT SINGH and A-number 209-157-716. Upon receipt of same, MANINDERJIT SINGH filed his I-485 application to adjust status and received his Green Card which Green card was delivered and received on or about November 12, 2022. A true copy of the USCIS case status and delivery information for delivery of his 'Green Card' as obtained from the USCIS portal is annexed hereto as Exhibit 'B'.

10. On June 14, 2023 – Petitioner GURSHANJOT SINGH, together with his mother JASWINDER KAUR and sister JASMONJOT KAUR – by virtue of attorney prepared I-485 forms, inter alia, made their applications to adjust status. Annexed hereto as Exhibit 'C' are the cover letters of his mother, his, and his daughter's form I-485 applications to USCIS which documents set forth the enclosure and exhibits. The entire applications are available for the Court, or any counsel's review upon request. The packages were sent under the USPS tracking information retained on the front page of MOTHER'S application – USPS service tracking number 7022 1670 0003 3493 6724.

11. After acknowledging receipt of same, USCIS issued one request for additional evidence each, to the Petitioner herein and his MOTHER and SISTER – to wit: USCIS demanded form I-693 for each of them, "Report of Medical Examination and Vaccination Record" dated July 18 2024. Counsel responded with the separately tracked packages to USCIS with sealed envelopes

with same medical information by cover letter dated August 2, 2024 with separate certified mailings issuing on August 6, 2024 with U.S. Postal Service confirming Petitioner's medical evidence being delivered on August 10, 2024. True copy of the USCIS demand for evidence and our submission of same with USPS tracking information is annexed hereto as Exhibit 'D.' MOTHER and SISTERS similar packages are annexed hereto as Exhibit 'E'. The U.S. Postal Service tracking confirmation for the Petitioner herein is annexed hereto as Exhibit 'F.'

12. By notices identically dated September 25, 2024 – Mother JASWINDER KAUR and Sister/Daughter JASMONJOT KAUR received the ir I-797 actions forms approving their asylum claims. True copies of said approval notices are annexed hereto as Exhibit 'G.' However, no approval or action was ever taken on Petitioner's application which should have been granted and received on the same date as the rest of his family.

13. That no action has been taken and it has been one year and three months since. All efforts of this law office to ascertain the status of this file or have USCIS take action have been met with radio silence. A request to USCIS for GURSHANJOT SINGH to receive travel documents made on May 2, 2025, after which fingerprinting was taken and acknowledged by USCIS on July 18, 2025 – similarly did not 'push' the application for simply travel documents. A true copy of mailing cover letter and USCIS portal status is annexed hereto as Exhibit 'H'.

14. A service request for this file was submitted to USCIS on December 4, 2024 which was acknowledged and flagged the Petitioner's file for review on year ago but no action or review was apparently performed. See exhibit annexed hereto as Exhibit 'I'. As the Department of Homeland Security has eliminated the 'Ombudsmen Office' – (See Exhibit 'J') – there is simply no way to reach, inquire or move this file without a Mandamus. Petitioner's I-485 application has now been pending for one year and five months. His Mother's and Sister's family asylum claims

were granted within 90 days. Petitioner and Petitioner's attorney have repeatedly asked for un update from USCIS and received no date, definition or clarification as to the status of this file despite multiple attempts and inquiries. Petitioner cannot even obtain travel documents.

15. In 8 U.S.C. §1571(b), Congress has indicated that "processing of an immigration benefit application [ such as an I-485 Adjustment of Status] should be completed not later than 180 days after the initial filing of the application."

16. UCIS has failed to comply with this requirement. To date, USCIS has not adjudicated Plaintiff's I-485 application to adjust status as statutorily required, although it has been more than 1 year since Plaintiff's application to adjust status was received by Defendants.

17. Plaintiff therefore brings this action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's 1-485 application without further delay.

## JURISDICTION

18. This case arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.,* the regulations implementing the INA, and the APA, 5 U.S.C. § 701 *et. seq.*

19. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Mandamus Act, 28 U.S.C.§ 1361. The Court may grant injunctive relief pursuant 5 U.S.C. §§ 701 and 706 and 28 U.S.C. § 1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

## VENUE

20. Venue in this district is proper under 28 U.S.C. § 1391(e) because Defendants are officers or employees of the United States or agencies thereof acting in their official capacities, Plaintiff

resides within this District, no real property is involved, and a substantial part of the events giving rise to the claims occurred in the District.

**DEFENDANTS**

21. Defendant JOSEPH EDLOW is the Director of USCIS, an "agency" within the meaning of the Administrative Procedure Act (APA). 5 U.S.C. § 551(1). In this capacity, he oversees the adjudication of immigration benefits and establishes and implements governing policies. 6 U.S.C. § 271(a)(3), (b). He has ultimate responsibility for the adjudication of I-485 applications and is sued in his official capacity.

22. Defendant KRISTI NOEM is the Director of U.S. Department of Homeland Security (DHS), an "agency" within the meaning of the APA. 5 U.S.C. § 551(1). In this capacity, he oversees USCIS.

23. Defendant TERRI ROBINSON is the Director of the USCIS National Benefits Center, which adjudicates I-485 applications. He is sued in his official capacity.

**LEGAL BACKGROUND**

24. Asylum defined is that it is a form of legal protection that host countries grant to migrants who have been forcibly displaced and are fleeing harm or persecution or the fear of persecution, in their place of origin. According to U.S. (8 U.S.C. 1158) and international law, a claim of persecution must be made based on one of five “protected grounds": race, religion, nationality, political opinion, or membership in a particular social group. The right to asylum is laid out in U.S. immigration law and Article 14 of the Universal Declaration of Human Rights; it is also outlined in the 1951 Refugee Convention and its 1967 Protocol. Plaintiff was granted asylum. No appeal was taken and the time for such appeal has long passed.

25. The Petitioner then, as was his right for having been granted asylum, properly filed out his Form I-485, Application to Adjust Status in Order to Obtain his 'Green Card' To that end. Petitioner met, and continues to meet all required elements for an Adjustment of Status and Issuance of an I-485. To wit;

a) Petitioner was physically present in the United States at the time he filed his Form I-485;
b) Petitioner has been and was physically present in the United States for at least one
c) year after he was granted asylum in the United States;
d) Petitioner continues to meet the definition of a refugee;
e) Petitioner has not firmly resettled in any foreign country;
f) Petitioner's grant of asylum has not been terminated;
g) Petitioner is admissible to the United States for lawful permanent residence; and
h) Petitioner did and continues to merit the favorable exercise of discretion.

26. Concommantly, certain family members may also claim asylum through the primary asylee as is being claimed here.

27. After reviewing the I-485 application, USCIS will issue: an approval or a denial of the application. Herein, USCIS has taken no action and the time for them to have done so has long passed, particularly given the grant of asylum to MOTHER and SISTER almost immediately after filing.

28. USCIS's delay in adjudicating GURSHANJOT SINGH, BY HIS PARENT AND NATURAL GUARDIAN MANINDERJIT SINGH'S petition has caused him irreparable harm. As he has no 'proof' of citizenship other than a filed application. He has no concrete identification that he can produce showing his entitled to be in the United States.

29. Lastly, and in a last ditch effort to determine the status of theI-485 application, his attorneys contacted USCIS via their portal. USCIS responded and acknowledged receipt of the request on December 4, 2024 stating "USCIS will review and process the request." It has now been one year and no further contact from USCIS has been received. A true copy of the screenshot from USCIS from July 12, 2023 is annexed hereto as Exhibit 'I'.

**CAUSES OF ACTION**

**COUNT I**

(Violation of the Administrative Procedure Act)

30. All the foregoing allegations are repeated and realleged as though fully set forth herein.

31. The APA, 5 U.S.C. § 555(b), mandates that an agency conclude matters presented to it within a reasonable time. The APA, 5 U.S.C. § 706(1), also provides the Court with authority to compel agency action unlawfully withheld or unreasonably delayed.

32. Defendants have unlawfully withheld agency action because they have failed to take required action by the date set by Congress. *See Forest Guardians v. Babbitt,* 174 F.3d 1178, 1190 (10th Cir. 1998) (holding that "when an entity governed by the APA fails to comply with a statutorily imposed absolute deadline, it has unlawfully withheld agency action[.]"). Because Defendants have unlawfully withheld agency action, this Court "must compel the agency to act." *Id.; see also Biodiversity Legal Found. v. Badgley,* 309 F.3d 1166, 1177 & n.11 (9th Cir. 2002) ( explaining that where "Congress has specifically provided a deadline for performance by the [agency]," and the agency fails to comply, the court must compel the agency to act because the firm statutory deadline for agency action "'removed the traditional discretion of courts in balancing the equities before awarding injunctive relief'); *South*

*Carolina v. United States,* 907 F.3d 742, 760 (4th Cir. 2018) (explaining that when an agency fails "to meet a hard statutory deadline" the APA "leaves no space for discretion when a court addresses an unlawfully withheld agency action").

33. Additionally, Defendants have unreasonably delayed adjudication of Plaintiff's 1-485 Adjustment of Status petition considering that Plaintiff's petition has been pending for over 16 months. Pursuant to 8 U.S.C. § 1232(d)(2), Plaintiff has a clear right to have his SIJS petition decided because he falls within the zone of interest of the SIJS statute. *See Giddings v. Chandler,* 979 F.2d 1104, 1108 (5th Cir. 1992); *Yu v. Brown,* 36 F. Supp. 2d 922, 930 (D.N.M. 1999) (holding that applicants for SIJS and for adjustment of status fell "within the zone of interest of the INA provisions"). Defendants also have a mandatory duty to adjudicate the application. *See, e.g., MJL. v. McAleenan,* 420 F. Supp. 3d 588, 597 (W.D. Tex. 2019) ("While the USCIS's decision to grant or deny a U Visa petition is discretionary, the question of whether that adjudication has been unlawfully withheld or unreasonably delayed is not.").

34. The delay here is so egregious that this Court's intervention is needed. *See Telecomms. Rsch. & Action Ctr. v. FCC (TRAC),* 750 F.2d 70 (D.C. Cir. 1984). USCIS has failed to abide by the deadline set by Congress. *See Am. Hosp. Ass 'n v. Burwell,* 812 F.3d 183, 189-90 (D.C. Cir. 2016) (noting that where "the statute imposes a deadline or other clear duty to act, the bulk of the *TRAC* factor analysis" likely should focus on "the equitable question of whether mandamus *should* issue, rather than the jurisdictional question of whether it *could').* Further, this delay jeopardizes human health and prejudices Plaintiff because he is unable to plan for his future or live securely in the United States while living in limbo, waiting for USCIS to act. *See Asmai v. Johnson,* 182 F. Supp. 3d 1086, 1096 (E.D. Cal. 2016) (concluding that an asylee's

welfare was "damaged by this unreasonable delay and the insecurity of his immigration status"); *Geneme v. Holder,* 935 F. Supp. 2d 184, 194 (D.D.C. 2013) (same).

**COUNT II**

(Mandamus Act)

35. All the foregoing allegations are repeated and realleged as though fully set forth herein.

36. The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiff.

37. Further, no other adequate remedy is available because there is no other means for forcing USCIS to decide Plaintiff's petition. Lastly, the length of delay is unreasonable in light of the statutory deadline and the harm to Plaintiff's welfare. *See TRAC,* 750 F.2d at 70. Accordingly, this Court's intervention is needed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction over this action;
2. Compel Defendants to adjudicate Plaintiff's 1-485 application on or before January 31, 2026;
3. Award Plaintiff reasonable costs and attorney's fees under the Equal Access to Justice Act; and
4. Award such further relief as the Court deems necessary or proper.

Dated: December 22, 2025
Brooklyn, NY

LAW OFFICE OF KEREN OHANA

Patrick c/ Carroll, Esq. 'Of Counsel'
26 Court Street, Suite 191 7
Brooklyn, NY 11242
Ph. 347-772-3232

**VERIFICATION**

State of New York )
) SS.:
County of Nassau )

GURSHANJOT SINGH, BY HIS PARENT AND NATURAL MANINDERJIT SINGH, being duly sworn, deposes and says:

He is the Plaintiff/Petitioner in the above captioned action and that he has read the within Petition for Mandamus and same is true to your deponent's own knowledge except as to those matters stated to be made upon information and belief and as to those matters, your deponent believes them to be true.

Sworn to before me this 12 day
of December 2025

NOTARY PUBLIC

PATRICK C. CARROLL, ESQ.
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02CA6042003
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES JUNE 20, 2026

MANINDERJIT SINGH, individual and as parent and natural guardian of GURSHANJOT SINGH,